IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**NANCY WILLIAMS,**

**Plaintiff,**

**v.**

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC., et al.,**

**Defendants.**

**CIVIL NO. 13-1159 (GAG)**

## OPINION AND ORDER

The above-captioned case arises from the alleged damages Nancy Williams ("Plaintiff") suffered when she "slipped and fell" at the Bahía Beach Resort on March 2, 2012. (Docket No. 1.) Plaintiff filed suit invoking the court's diversity jurisdiction, claiming that Defendants are liable for the damages she suffered as a result from the fall pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit. 31, §§ 5141-5142. Id. In addition to physical damages, Plaintiff claims the loss of past and future earnings capacity. Id. at ¶ 73.

Pending before the court is Defendants' motion for partial summary judgment requesting the dismissal of Plaintiff's loss of past and future earnings capacity claim. (Docket No. 25.) Plaintiff opposed Defendants' motion, arguing that the existence of genuine issues of material fact renders Defendants' motion improper. (Docket No. 34.) By leave of court, Defendants replied to Plaintiff's response. (Docket No. 35.) After reviewing the parties' submissions, the court **DENIES** Defendants' motion for partial summary judgment at Docket No. 25.

**I.      Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See FED. R. CIV. P. 56(a). "An issue

**Civil No. 13-1159 (GAG)**

is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.  Relevant Factual Background**

Plaintiff's alleged slip and fall took place on March 2, 2012, at the Bahía Beach Resort in Río Grande, Puerto Rico ("the accident"). (Docket Nos. 25-1 ¶ 2; 34-3 ¶ 1.) As a result of the damages suffered because of the accident, Plaintiff alleges she lost past and future earnings capacity. (Docket Nos. 25-1 ¶ 2; 34-3 ¶ 2.) Plaintiff is self-employed. (Docket Nos. 25-1 ¶¶ 3-4; 34-3 ¶¶ 3-

**Civil No. 13-1159 (GAG)**

4.) She owns fifty (50) percent of ASAP Solutions, LLC ("ASAP Solutions"), an information technology company. Id. She draws a bi-weekly compensation from ASAP Solutions and does not receive compensation from other entities. (Docket Nos. 25-1 ¶¶ 5-6; 34-3 ¶¶ 5-6.) Defendants assert that Plaintiff's draws from ASAP Solutions have remained unaltered since after the accident. (Docket No. 25-1 ¶ 7.) For that reason, they argue that Plaintiff's earning capacity was not harmed by the accident, therefore, her claim should be dismissed. (Docket No. 25.)

**III.    Discussion**

At the outset, Defendants contend that Plaintiff's loss of earning capacity claim is doomed by her own admission. In her deposition testimony, Plaintiff states that her earnings have remained the same, i.e., have not been altered or diminished due to the accident. (Docket No. 25 at 6.) Consequently, Defendants argue that Plaintiff's statement translates into an admission that she has not suffered a loss of earnings as a result of the accident.[1] Id. In response, Plaintiff argues that the injuries suffered from the accident have impacted her ability to earn income in the future. (Docket Nos. 1; 34.) However, she argues that her current ability to earn income as a result of her damages is a factual issue for a jury to decide, and not for the court. (Docket No. 34.)

The First Circuit has stated that the "[r]ecovery of damages for loss of earning capacity compensates a plaintiff for the difference between the income he could earn before his injury and the income he could earn after the injury." Quiñones-Pacheco v. American Airlines Inc., 979 F.2d 1, 7 (1st Cir. 1992) (quoting Glasscock v. Armstrong Cork Co., 946 F.2d 1085, 1091 (5th Cir.1991)).

> In tort actions, loss of earning capacity is an economic concept based upon a medical foundation. A plaintiff has the burden of proving his claimed loss of earning capacity. To do so, he must offer evidence from which **a jury may reasonably determine** the annualized

---

[1] Defendants also argue that, for purposes of determining Plaintiff's past and future earnings capacity, the court should only consider Plaintiff's income, and not the income of ASAP solutions. This effort to distinguish Plaintiff from ASAP Solutions is meritless. ASAP Solutions is not party in the instant suit, therefore, its damages cannot be claimed through Plaintiff. The damages covered by this lawsuit encompass the alleged damages Plaintiff underwent. If ASAP Solutions suffered damages, it could have joined the suit.

**Civil No. 13-1159 (GAG)**

> stream of income that the plaintiff, uninjured, would probably have earned, and contrast it, over the period of proven disability, to a similar forecast of what the injured plaintiff's earnings are likely to be.

Quiñones-Pacheco, 979 F.2d at 6-7 (emphasis provided).

Plaintiff states that, as a result of the accident, she now suffers a fifteen (15) percent permanent whole body impairment and that due to her injuries, she has been forced to cancel business trips. (Docket No. 34-3 at 2.) Consequently, Plaintiff argues that her injuries have impacted the company, causing her a loss of income, and diminishing her earnings capacity. Id. To prove her claim, Plaintiff provides interrogatories, depositions, and an expert report of a physician supporting that her earnings capacity was indeed harmed by the accident. (Docket Nos. 34-1; 34-2.) She proffers the testimony of Doctor Dwight Santiago, ("Dr. Santiago") who is of the opinion that Plaintiff suffered a fifteen (15) percent permanent whole body impairment as a result of the fall. (Docket No. 34-1 at 18.) Dr. Santiago drew his conclusion after conducting an "independent medical evaluation" on Plaintiff. Id.

Defendants' expert opines the opposite. To support their argument that Plaintiff's bodily functions were unharmed by the accident, Defendants provide the expert opinion of Doctor Antonio Alvarez Berdecía ("Dr. Alvarez"). (Docket Nos. 35 ¶ 1; 35-1.) Dr. Alvarez states that Plaintiff may have, at most, a seven (7) percent whole person impairment, and that said impairment may not even be casually related to the accident. (Docket No. 35 ¶ 1.)

The adequacy of Plaintiff's claim requires the trier of fact to determine if, in fact, Plaintiff's bodily functions were harmed as a result of the accident. The expert testimony on record suggests contradicting answers to this central question. Summary judgment is often inappropriate where evidence bearing on crucial issues of fact is in the form of expert opinion testimony. See Cortes Irizarry v. Corporación Insular de Seguros, 111 F.2d 184, 191 (1st Cir. 1997) (citing United States v. Kayne, 90 F.3d 7, 12 (1st Cir. 1996) (stating that disagreements among experts are "properly the subject of searching cross-examination" at trial). Consequently, it is clear that the determination as to whether Plaintiff has in fact suffered a loss in her earnings capacity goes to the weight of the

4

**Civil No. 13-1159 (GAG)**

evidence, deeming it a question for a jury, and not this court. The court finds that genuine issues of material fact exist, the resolution of which could affect the outcome of this case. Accordingly, summary judgment is not appropriate at this time.

For the reasons stated above, the court **DENIES** Defendants' motion for partial summary judgment at Docket No. 25.

**SO ORDERED**

In San Juan, Puerto Rico this 29th day of August, 2014.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge